## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| RICHARD MEBANE, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:22-cv-00054 |
| vs. | § | |
| | § | **COMPLAINT** Jury |
| INTEGRITY TEXAS FUNDING, LP, | § | Trial Demanded |
| WELLSHIRE FINANCIAL SERVICES, | § | |
| LLC DBA LOANSTAR TITLE LOANS, | § | |
| MVCONNECT, LLC d/b/a MVTRAC | § | |
| LLC, AND RAPID RECOVERY OF | § | |
| TEXAS, LLC, | § | |
| Defendants. | | |

### NATURE OF ACTION

1.      Plaintiff Richard Mebane ("Plaintiff" or "Mr. Mebane") brings this action against Defendants Integrity Texas Funding, LP ("Integrity"), Wellshire Financial Services, LLC dba LoanStar Title Loans ("Wellshire"), MVConnect, LLC d/b/a/ MVTrac LLC ("MVTrac"), and Rapid Recovery of Texas, LLC ("Rapid") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq*., and Texas common law.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**PARTIES**

4.      Plaintiff is a natural person.

5.      Plaintiff is allegedly obligated to pay a debt.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Integrity is a Texas limited partnership with headquartered in Greenville, South Carolina.

8.      Integrity regularly provides auto title loans to consumers in Texas.

9.      Integrity is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

10.     Wellshire is a Georgia limited liability company.

11.     Upon information and belief, Wellshire is a Credit Services Organization that regularly arranges for, coordinates, or services consumer auto title loans for consumers in Texas.

12.     Wellshire is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

13.     MVTrac is a Illinois limited liability company.

14.     MVTrac is an entity that at all relevant times was acting as a repossession agent working at the behest of Integrity.

15.     MVTrac is an entity that at all relevant times was acting as a repossession agent working at the behest of Wellshire.

16.     At all relevant times, MVTrac was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

17.     MVTrac is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

18.     MVTrac is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

19.     Rapid is a Texas limited liability company.

2

20.     Rapid is an entity that at all relevant times was acting as a repossession agent working at the behest of Integrity.

21.     Rapid is an entity that at all relevant times was acting as a repossession agent working at the behest of Wellshire.

22.     Rapid is an entity that at all relevant times was acting as a repossession agent working at the behest of MVTrac.

23.     At all relevant times, Rapid was an entity using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

24.     Rapid is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

25.     Rapid is a "debt collector" as defined by Tex. Fin. Code § 392.001(6).

## FACTUAL ALLEGATIONS

26.     In or about early 2021 Plaintiff obtained an auto title loan (the "Loan") from Integrity.

27.     In doing so, Plaintiff utilized Wellshire's services as a Credit Services Organization.

28.     In connection with the Loan, Plaintiff provided Integrity and Wellshire with a security interest in his 1994 Chevrolet Silverado (the "Vehicle").

29.     Integrity is a "secured party" as defined by Tex. Bus. & Com. Code § 9.102(a)(73).

30.     Wellshire is a "secured party" as defined by Tex. Bus. & Com. Code § 9.102(a)(73).

31.     Plaintiff purchased the Vehicle for his own personal family and household use.

32.     The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

33.     The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

34.     On or before July 21, 2021, Integrity and Wellshire engaged MVTrac to repossess Plaintiff's Vehicle.

35.     MVTrac in turn hired Rapid to effect the actual repossession of the Vehicle.

36.     On or about July 21, 2021, at around 1:00 P.M., Rapid went to Plaintiff's residence to repossess the Vehicle.

37.     Plaintiff noticed Rapid's arrival and immediately protested Rapid's repossession.

38.     Plaintiff demanded that Rapid leave his property immediately.

39.     Plaintiff entered the Vehicle and started it.

40.     Nonetheless, Rapid's employee continued with the repossession.

41.     Then, while Plaintiff was in the Vehicle driving it, Rapid lifted the Vehicle in the air, with its tires spinning, and attempted to continue with the repossession.

42.     Rapid's employee then called the local police to assist with the repossession.

43.     Officers with the Nolanville Police Department then came to the scene and provided assistance with the repossession by detaining Plaintiff and forcing him to cease his protests.

44.     But for the assistance of the Nolanville Police Department, the repossession could not have been completed.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## MVTRAC AND RAPID

45.     Plaintiff repeats and re-alleges each factual allegation contained above.

46.     Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

47.     However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id.*

48.     On or before July 21, 2021, Integrity and Wellshire engaged MVTrac to repossess Plaintiff's Vehicle.

49.     MVTrac in turn hired Rapid to effect the actual repossession of the Vehicle.

50.     On or about July 21, 2021, art around 1:00 P.M., Rapid went to Plaintiff's residence to repossess the Vehicle.

51.     Plaintiff confronted Rapid's employee and loudly protested the repossession.

52.     Once Plaintiff protested the repossession, Rapid lost the right to continue with the repossession.

53.     Nonetheless, Rapid continued with its repossession and thereby breached the peace.

54.     Rapid also breached the peace by using physical force on the body of Plaintiff during the repossession.

55.     Rapid further breached the peace by enlisting the help of law enforcement officers to accomplish the repossession.

56.     When Rapid breached the peace, it lost right to possession of the Vehicle.

57.     Nonetheless, Rapid continued with the repossession.

58.     By continuing with its repossession after it lost the right to do so, Rapid violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that MVTrac violated 15 U.S.C. § 1692f(6)(A);

b)  Adjudging that Rapid violated 15 U.S.C. § 1692f(6)(A);

c)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

d)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 9.609
## INTEGRITY AND WELLSHIRE

59.     Plaintiff repeats and re-alleges each factual allegation contained above.

60.     Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral.

61.     Integrity and Wellshire's repossession agents, Rapid, breached the peace by continuing the repossession in the face of Plaintiff's confrontation and protest, by lifting the

vehicle while Plaintiff occupied it, and enlisting the help of law enforcement officers to accomplish their repossession.

62.     Integrity and Wellshire violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agent, Rapid, breached the peace to repossess Plaintiff's Vehicle.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Integrity and Wellshire's violated TEX. BUS. & COM. CODE § 9.609(b)(2);

b)  Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

c)  Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

d)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

e)  Awarding such other and further relief as the Court may deem proper.

**COUNT III**
**VIOLATION OF TEX. FIN. CODE § 392.301**
**ALL DEFENDANTS**

63.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

64.     Integrity, Wellshire, and MVTrac's repossession agent, Rapid, engaged in illegal conduct by continuing its repossession after Plaintiff confronted Rapid and protested the repossession.

65.     Integrity, Wellshire, and MVTrac's repossession agent, Rapid, engaged in illegal conduct by breaching the peace during its repossession.

66.     Integrity, Wellshire, and MVTrac's repossession agent, Rapid, engaged in illegal conduct by battering Plaintiff.

67.     As the secured parties that hired Rapid, Integrity, Wellshire, and MVTrac are liable for Rapid's conduct.

68.     Integrity, Wellshire, MVTrac, and Rapid violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law in connection with the collection of Plaintiff's alleged debt.

69.     Integrity, Wellshire, MVTrac, and Rapid violated TEX. FIN. CODE § 392.301(a)(1) by using or threatening to use violence or other criminal means to cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Rapid violated TEX. FIN. CODE § 392.301(a)(1);

b)  Adjudging that Rapid violated TEX. FIN. CODE § 392.301(a)(8);

c)  Adjudging that Integrity and Wellshire, as the secured parties that hired Rapid, are liable for Rapid's violation of TEX. FIN. CODE § 392.301(a)(1).

d)  Adjudging that Integrity and Wellshire, as the secured parties that hired Rapid, are liable for Rapid's violation of TEX. FIN. CODE § 392.301(a)(8);

e)  Adjudging that MVTrac, as the debt collector that hired Rapid, is liability for Rapid's violation of TEX. FIN. CODE § 392.301(a)(1);

f)  Adjudging that MVTrac, as the debt collector that hired Rapid, is liability for Rapid's violation of TEX. FIN. CODE § 392.301(a)(8);

g)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

h)  Awarding Plaintiff actual damages pursuant to the TDCA;

i)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

j)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

k)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**BATTERY**
**ALL DEFENDANTS**

70.    Plaintiff repeats and re-alleges each factual allegation contained above.

71.    Rapid committed a battery when it lifted Plaintiff's vehicle while he occupied it.

72.    Rapid's actions in purposefully lifting the vehicle while Plaintiff occupied it evidence that its actions in this matter were outrageous and guided by an evil mind.

73.    Integrity and Wellshire, as the secured parties that hired Rapid, are liable for Rapid's battery.

74.    MVTrac, as the debt collector that hired Rapid, is liable for Rapid's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Rapid committed a battery on the person of Plaintiff;

b)  Adjudging that Integrity and Wellshire, as the secured parties that hired Rapid, are liable for Rapid's battery;

c)  Adjudging that MVTrac, as the debt collector that hired Rapid, is liable for Rapid's battery;

d)  Awarding Plaintiff his actual damages in an amount to be proved at trial;

e)  Awarding Plaintiff exemplary damages in an amount to be proved at trial

f)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

75.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: January 14, 2022

Respectfully submitted,

/s/ Russell S. Thompson IV
Russell S. Thompson IV
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone:     602-388-8898
Facsimile:      866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff